UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MIGUEL FLAQUER, Plaintiff,

v. CA 08-95 ML

JOHN BEVILACQUA, Defendant.

**REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

David L. Martin, United States Magistrate Judge

Before the Court is the second Application to Proceed in Forma Pauperis ("Second Application") (Document ("Doc.") #4) pursuant to 28 U.S.C. § 1915 filed by Plaintiff Miguel Flaquer ("Plaintiff").[1] The Second Application has been referred to me for determination. However, because I have concluded that the Second Application should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court). For the reasons stated herein, I recommend that the Second Application be denied and that Plaintiff's Complaint (Doc. #1) be dismissed without prejudice.

[1] The Court denied Plaintiff's first Application to Proceed in Forma Pauperis (Doc. #2) ("First Application") without prejudice because Plaintiff had not submitted a certified copy of his prisoner trust fund account statement obtained from an appropriate official at the Wyatt Detention Facility ("Wyatt"). See Order Denying without Prejudice Application to Proceed in Forma Pauperis (Doc. #3).

## Facts

Plaintiff is a federal prisoner held at the Wyatt Detention Facility ("Wyatt") awaiting sentencing on a drug trafficking conspiracy conviction before District Judge Alan Nevas on December 21, 2007, in Bridgeport, Connecticut. See United States v. Flaquer, CRIM. No. 3:05-CR-00059 (AHN). On March 13, 2008, Plaintiff filed a *pro se* Complaint in the District of Rhode Island against Attorney John Bevilacqua ("Attorney Bevilacqua"). See Complaint. Plaintiff alleges that:

> On Jun 2006 my Family gave this Attorney John Bevilacque over $50,000 to Make me a deal and the deal I thought was okay was all a scandel and Fraud and me and my Family were out of this Money and This is why I am Filing this claim I Feel I was Fooled By a professional that should be arrested for what He Has done to many besides myself.

Complaint at 3. Plaintiff seeks a suspension of Attorney Bevilacqua's licence and the return of his family's funds. See id.

## Standard of Review

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim upon which relief can be granted, or seeks damages from a defendant with immunity. See 28 U.S.C. § 1915(e)(2)(B).[2] The standard for dismissal of an

---

[2] Section 1915(e)(2) states that:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
- (A) the allegation of poverty is untrue; or
- (B) the action or appeal--
  - (i) is frivolous or malicious;
  - (ii) fails to state a claim on which relief may be granted; or

action taken in forma pauperis is identical to the standard for dismissal under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F.Supp.2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Construction Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint, see, e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986). Lack of subject matter jurisdiction is an affirmative defense that a defendant may assert in a motion to dismiss. See Michigan Southern Railroad Co. v. Branch & St. Joseph Counties Railusers Association, Inc., 287 F.3d 568, 573 (6th Cir. 2002).

**Discussion**

This Court recommends that Plaintiff's Complaint be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, the Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. See Estelle v.

---

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

Gamble, 429 U.S. 97, 99 (1976). In addition, the Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

"[A] court has an obligation to inquire sua sponte[3] into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997)(quoting In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988)); see also In re Sheridan, 362 F.3d 96, 100 (1st Cir. 2004)(noting that "the courts are duty-bound to inquire, *sua sponte*, even absent objection by any party," into the question of subject matter jurisdiction); Hainey v. World Am Communications, Inc., 263 F.Supp.2d 338, 345 (D.R.I. 2003) ("[T]he Court is required to address its subject matter jurisdiction over an action, *sua sponte* if need be."). Plaintiff does not allege any federal claim against Attorney Bevilacqua. See Complaint. Therefore, the Court's subject matter jurisdiction, if any, would only arise out of diversity of citizenship. See 28 U.S.C. § 1332.[4]

---

[3] Sua sponte means "without prompting or suggestion." Black's Law Dictionary 1464 (8th Ed. 2004).

[4] Section 1332(a) provides that:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties;

It is clear from Plaintiff's Complaint that the requirements for federal jurisdiction based on diversity of citizenship are not met. Plaintiff provides no information pertaining to his residence. Plaintiff was convicted in the District of Connecticut and is currently incarcerated at the Wyatt, but the Court declines to assume, in the absence of any allegation or evidence, the state of his permanent residence.[5] Moreover, Plaintiff states that his family "gave this Attorney John Bevilacque over $50,000 ...." Complaint at 3. However, 28 U.S.C. § 1332(a) states that the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a). The amount alleged in Plaintiff's Complaint is well below this amount. Therefore,

---

> and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
>
> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

28 U.S.C. § 1332(a). Thus, for diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00. Heritage Bank v. Redcom Laboratories, Inc., 250 F.3d 319, 323 (5th Cir. 2001); see also Tropp v. Western-Southern Life Ins. Co., 381 F.3d 591, 595 (7th Cir. 2004)("A litigant may invoke diversity jurisdiction in federal court when all parties are citizens of different states and the amount in controversy exceeds $75,000.").

[5] Even if the Court were to assume Plaintiff is not a resident of Rhode Island, see Bontkowski v. Smith, 305 F.3d 757, 763 (7th Cir. 2002)("A prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state."), his Complaint still fails to satisfy the jurisdictional amount requirement, see Webb v. St. Johns Bank & Trust Co., No. 4:07CV1402 ERW, 2007 WL 2304088, at *1 (E.D. Mo. Aug. 8, 2007)(dismissing case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) where the amount in controversy was insufficient to establish diversity jurisdiction).

because the amount in controversy not does exceed $75,000.00, this Court lacks subject matter jurisdiction over the Complaint. Accordingly, it should be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e). I so recommend.

## Conclusion

Based on the foregoing, the Court recommends that Plaintiff's Second Application be denied and that his Complaint be dismissed without prejudice.[6] Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[7] days of its receipt. See Federal Rule of Civil Procedure 72(b); District of Rhode Island Local Rule Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
April 15, 2008

[6] The dismissal should be without prejudice because "[a] dismissal for lack of jurisdiction ... does not preclude a subsequent action in an appropriate forum." Posner v. Essex Insurance Co., 178 F.3d 1209, 1221 (11th Cir. 1999)(quoting Arrowsmith v. United Press International, 320 F.2d 219, 221 (2nd cir. 1963))(alteration in original); see also Kasap v. Folger Nolan Fleming & Douglas, Inc., 166 F.3d 1243, (D.C. Cir. 1999)("[D]ismissals for lack of jurisdiction are not decisions on the merits and therefore have no *res judicata* effect on subsequent attempts to bring suit in a court of competent jurisdiction.").

[7] The ten days do not include intermediate Saturdays, Sundays, or holidays. See Fed. R. Civ. P. 6(a)(2).